# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIEZER DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>　　　　Defendant.<br>_____ | ) NO. EDCV 14-1704-KLS<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

Plaintiff filed a Complaint on August 19, 2014, seeking review of the denial of his application for disability insurance benefits ("DIB"). On June 26, 2015, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and either ordering the immediate payment of benefits or remanding the matter for further administrative proceedings. (Joint Stip. at 20-21.) The Commissioner requests that the Court affirm the ALJ's decision or, should the Court reverse the decision, remand for further administrative proceedings in lieu of ordering immediate payment of benefits. (*Id.* at 21-22.) On August 12 and 17, 2015, the parties consented,

pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 22-24.) The Court has taken the matter under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On June 8, 2011, plaintiff applied for a period of disability and DIB. (Administrative Record ("A.R.") 12, 149.) Plaintiff alleged disability commencing February 1, 2006, due to "[h]ypertension with heart problems and severe upper back pain," lower back pain, "anxiety attacks," "prostate problems," "stroke," "heart condition," "vertigo," and "neck injury." (*Id.* 12, 149, 153.) Plaintiff's prior relevant work experience included a job as a driller machine builder, and working in his family business providing paralegal services. (*Id.* 14, 154.) The Commissioner denied plaintiff's application on August 26, 2011. (*Id.* 65-69.) On January 19, 2012, the Commissioner denied plaintiff's request for reconsideration. (*Id.* 73-78.) On February 15, 2012, plaintiff requested a hearing. (*Id.* 79-80.) On December 12, 2012, plaintiff, who was represented by counsel, testified before Administrative Law Judge James P. Nguyen ("ALJ"). (*Id.* 23-41.) Troy Scott, a vocational expert, also testified. (*Id.* 41-44.) On January 11, 2013, the ALJ issued an unfavorable decision, denying plaintiff's claim for DIB. (*Id.* 9-17.) On June 25, 2014, the Appeals Council denied plaintiff's request for review. (*Id.* 1-3.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that, although plaintiff had worked after the alleged disability onset date of February 1, 2006, the work activity since that date did not rise to the level of substantial gainful activity. (A.R. 14.) The ALJ further found that plaintiff had the following severe impairments: "hypertension, bilateral heel spurs, early-onset degenerative joint disease with mild wedging in the thoracic spine, degenerative disc disease involving the

lumbar spine and cervical spine, mild atherosclerosis with no stenosis, high cholesterol and vertigo." (*Id.*) The ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (*Id.* 15.) The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that plaintiff "is unable to climb ladders, ropes and scaffolds and should avoid working around moving machinery or a [sic] unprotected heights." (*Id.* 15-16) The ALJ found that plaintiff was capable of performing his past relevant work in paralegal services, as that work did not require any activities precluded by his RFC, and that plaintiff was not disabled. (*Id.* 16-17.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ

1  is responsible for determining credibility, resolving conflicts in medical testimony, and for
2  resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

4  The Court will uphold the Commissioner's decision when the evidence is susceptible
5  to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.
6  2005). However, the Court may review only the reasons stated by the ALJ in his decision
7  "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at
8  630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not
9  reverse the Commissioner's decision if it is based on harmless error, which exists only when
10 it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate
11 nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.
12 2006) (quoting *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also*
13 *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## DISCUSSION

Plaintiff alleges two errors in the ALJ's decision: (1) that a subsequent grant of benefits finding plaintiff disabled as of January 12, 2013, one day after the ALJ published an unfavorable decision in this case, warrants remand of this case to consider the onset date of disability;[1] and (2) the ALJ failed to provide clear and convincing reasons for finding plaintiff not credible. (Joint Stip. at 4.)

//
//
//

---

[1] Plaintiff contends that he received a subsequent award of benefits with a disability onset date of one day following the ALJ's January 11, 2013 unfavorable decision. (Joint Stip. at 4.) The Commissioner does not dispute this assertion. (*Id.*) However, the Court notes that the Joint Stipulation refers to the disability onset date for the subsequent award of benefits as "January 12, 2012". (Joint Stip. at 4.) It would appear to the Court that the reference to "January 12, 2012" is a typographical error as the subsequent award letter states "We found that you became disabled under our rules on January 12, 2013." (Joint Stip. Ex. 1.)

4

**I.     Remand is Appropriate to Reconcile the Subsequent Grant of Benefits With the ALJ's Unfavorable Decision**

Pursuant to sentence six of 42 U.S.C. § 405(g), the court may remand and order the Commissioner to take additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Shalala v. Schaefer*, 509 U.S. 292, 297 n.1 (1993). New evidence is "material" within the meaning of section 405(g) if it bears directly and substantially on the matter in dispute and there is a reasonable possibility that the new evidence would have changed the outcome of the agency's determination. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984) (internal quotation marks, brackets, and ellipsis omitted)). The Ninth Circuit has held that good cause is shown where the new evidence was not previously available. *Wainright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 683 (9th Cir. 1991).

Here, the ALJ published an unfavorable decision denying plaintiff DIB on January 11, 2013. (A.R. 12-17.) Plaintiff asserts that he was awarded DIB in a subsequent benefits claim in which the Agency found him disabled as of January 12, 2013, just one day after the previous unfavorable decision. (Joint Stip. at 4.) Plaintiff, citing the Ninth Circuit's opinion in *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010), contends that remand for an award of benefits is appropriate given the close proximity of the ALJ's adverse decision and the subsequent grant of benefits. (Joint Stip. at 4-5.) The Commissioner argues that *Luna* is not applicable and that remand is not warranted based on the Ninth's Circuit's decision in *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), which denied remand based on a subsequent award of benefits where a claimant was found disabled as of the day after a prior adverse decision. *Id.* at 826-27. For the reasons discussed below, this Court finds that this case falls within the reasoning of *Luna* and remand is warranted.

5

In *Luna*, the claimant made an initial application for social security benefits alleging disability as of November 30, 2001. *Luna*, 623 F.3d at 1033. The ALJ denied her claims on January 27, 2006. *Id.* at 1034. Luna appealed the denial to the district court. *Id*. While her appeal was pending, the claimant filed a second application for benefits, which was granted on August 20, 2007 and the Commissioner found her disabled as of January 28, 2006, one day after the date she was found not disabled in her first application. *Id*. On appeal to the district court, the parties agreed that the case should be remanded to reconcile the denial of benefits based on the first application with the grant of benefits in connection with her second application, but they disagreed about the terms of the remand. *Id.* Luna argued that the subsequent grant of benefits indicated she was disabled for the earlier time period that was the subject of her first application and sought remand with an award of benefits for the earlier time period. *Id.* The Commissioner argued that the appropriate resolution was remand for further administrative proceedings. *Id.* The district court ultimately remanded for further administrative proceedings to reconsider whether Luna was actually disabled during the period covered by her first application. *Id.* The Ninth Circuit affirmed the district court's remand for further consideration, finding "[t]he 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Id.* at 1035.

In *Bruton*, on the other hand, the Ninth Circuit rejected the claimant's motion to remand based on a subsequent award of benefits for the period beginning one day after the date of the prior decision denying benefits. In that case, the Ninth Circuit explained that because the claimant's "second application involved different medical evidence, a different time period, and a different age classification," the court could conclude that the subsequent decision to award benefits was "not inconsistent" with the prior, final decision denying benefits. *Bruton*, 268 F.3d at 827.

6

Here, unlike in *Bruton*, the record does not include any information presented in support of the second application. Nor is there any indication that such information was considered by the ALJ in denying plaintiff's first application. Indeed, in this case, the parties dispute whether the medical evidence and factual findings regarding the subsequent grant of benefits are properly in the Commissioner's possession. (*See* Joint Stip. at 4 fn.1 versus Joint Stip. at 10 fn.3.) Further, the award letter for the subsequent award of benefits states that plaintiff "filed for benefits on August 2, 2014" (Joint Stip., Ex. 1). Thus, it is clear that the good cause element under *Wainwright* is met because the subsequent favorable decision was not available prior to the Appeals Council's decision not to review the case on June 25, 2014 (Joint Stip. at 3.) Consequently, this Court cannot determine from the record whether the second application involved the same or different medical evidence, a different time period, and a different age classification, than the first application.[2]

Given the lack of information in the record to allow the Court to determine whether the information evaluated in each of plaintiff's applications was similar or not, there is at least "a reasonable possibility" that the subsequent grant of benefits was based on new evidence not considered by the ALJ in denying the first application. These facts make this case nearly indistinguishable from *Luna* and remand is appropriate. *See Luna*, 623 F.3d at 1035; *see also Nguyen v. Comm'r*, 489 Fed. Appx. 209, 210 (9th Cir. 2012) (remanding to ALJ to allow parties "to present any new evidence submitted during the second proceeding that pertains to the period of disability for the first application" and directing that the ALJ reconsider whether claimant was "actually disabled during the period of time relevant to his first application in light of any new evidence of disability"); *Ceja v. Colvin*, 2013 U.S. Dist.

---

[2] Age classification can have significant vocational implications in a DIB analysis. *See* 20 C.F.R. § 416.963(c)-(e). Plaintiff was born on August 3, 1952. (AR 25.) On June 9, 2011, the date he filed his first application for DIB, he was 58 years old. On January 11, 2013, the date of the ALJ's adverse decision in this case, plaintiff was 60 years old. Under the Social Security Administration's regulations, a person age 55 or older is classified as a "Person of advanced age." 20 C.F.R. § 416.963(e). The regulations further provide that "We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older)." *Id.* (citing § 416.968(d) (4)).

7

LEXIS 143904 (C.D. Cal. Sept. 30, 2013) (remanding for further proceedings where district court was unable to reconcile two conflicting disability decisions or to assess the records on which they were based).[3]

Accordingly, this Court finds that remand is warranted for further administrative proceedings to reconcile the two different disability determinations and determine whether the new evidence would have changed the ALJ's determination that plaintiff was not disabled during the time period relevant to plaintiff's first application.

## II.     Plaintiff's Credibility

Plaintiff also contends that the ALJ's failure to provide clear and convincing reasons for finding plaintiff not credible was legal error. (A.R. 4, 12-4.) A claimant has the threshold burden to "present medical findings establishing an impairment." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*) (internal citations omitted). Once this prerequisite is met, "the adjudicator must then consider the claimant's alleged severity of pain." *Id.* In the absence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citing *Cotton v. Bowen* 799 F.2d 1403 (9th Cir. 1986)); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also* 20 C.F.R. § 404.1529(c). Here, there is no evidence of malingering. Plaintiff argues that the ALJ erred in finding plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible" based on the ALJ's finding that plaintiff's medical

---

[3] The Commissioner, relying upon the Sixth Circuit's decision in *Allen v. Comm'r*, 561 F.3d 646 (6th Cir. 2009), argues that a subsequent favorable decision, rather than the evidence supporting that decision, does not constitute new and material evidence under § 405(g). (Joint Stip. at 10-11.) In *Allen,* the Sixth Circuit concluded that the district court in *Luna* (which the Ninth Circuit later affirmed) "misapplied § 405(g)" and rejected the Ninth Circuit's reasoning in *Bruton. Allen,* 561 F.3d at 654. *Allen* does not control here, as it predates the Ninth Circuit's opinion in *Luna* and the Sixth Circuit's ruling is not binding authority for this Court.

8

treatment "has been routine, relatively infrequent, appropriate and entirely conservative." (A.R. 16.) The ALJ also concluded that "there is no contraindication in the record that if [plaintiff] takes his medication as prescribed his symptoms cannot be controlled." (*Id.*) Because this matter is remanded for further administrative proceedings to reconcile plaintiff's first and second applications, the ALJ is free to reconsider this issue.[4]

## II. Remand Is Warranted

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). "A remand for an immediate award of benefits, is appropriate, however only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 2015 U.S. App. LEXIS 13560 (9th Cir. 2015) (internal citation omitted). Before ordering a remand for an immediate award of benefits, the Court must conclude that "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014).

In this case, it is yet unclear whether proper consideration and characterization of all the available medical evidence needed to reconcile the plaintiff's first and second applications, would lead to a disability finding as to the first application that is the subject of this action. For this reason, the Court finds there are outstanding issues that must be resolved before a determination of disability can be made. Accordingly, the Court remands for further development of the record with respect to the evidence supporting plaintiff's subsequent grant of benefits as well as a proper evaluation of plaintiff's credibility. *See Connett v.*

---

[4] The Court notes that there is a clear inconsistency in the ALJ's finding in one portion of the decision that plaintiff "has never lost consciousness" (AR 15) and a statement in another part of the decision noting that plaintiff had been seen at the emergency room of Beverly Hills Hospital after plaintiff "apparently passed out after becoming lightheaded and dizzy." (AR 16.)

*Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations, including reconsideration of credibility determination).

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

.

DATE: September 24, 2015

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE